

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00113-CR

JOEL DAVID NEELY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F 15261

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

On March 3, 2021, Joel David Neely pled guilty to aggravated assault causing bodily injury to a family member while exhibiting a deadly weapon and, pursuant to a plea agreement, was placed on deferred adjudication community supervision for a period of ten years. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.). That same month, the State moved to revoke Neely's community supervision and to proceed to an adjudication of his guilt, alleging that Neely violated the terms and conditions of his community supervision by evading arrest and smoking marihuana and methamphetamine. Neely pled true to these allegations and, after an evidentiary hearing, the trial court granted the State's motion. Neely was sentenced to eighteen years' imprisonment. He appeals.[1]

Neely's attorney has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, he has fulfilled his obligations in this regard. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]In our companion cause number 06-21-00114-CR, Neely also appeals from a conviction of evading arrest with a motor vehicle.

On December 29, 2021, counsel mailed to Neely copies of the brief, the motion to withdraw, and a pro se motion for access to the appellate record lacking only Neely's signature. Neely was informed of his rights to review the record and file a pro se response. This Court granted Neely's pro se motion for access to the appellate record, received assurance from Neely's counsel that a complete paper copy of the appellate record was mailed to Neely on January 4, 2022, and informed Neely that any pro se response was due on or before February 22. On March 7, this Court further informed Neely that the case would be set for submission on the briefs on March 28. We received neither a pro se response from Neely nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 28, 2022
Date Decided:       April 12, 2022

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.